[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

No. 10-15241
Non-Argument Calendar

_____

D. C. Docket No. 3:09-cv-01246-HLA-JRK

K.A.,
and their adopted parents,
M.A.,
and their adopted parents, et al.,

Plaintiffs-Appellants,

versus

RENEE WATERS,
LAJOSHA HAYNES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2011)

Before TJOFLAT, CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Through their adoptive parents, minors K.A., M.A., and T.A. (collectively, "Plaintiffs") appeal the district court's dismissal of their 42 U.S.C. § 1983 action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs also appeal the district court's refusal to allow them to amend their complaint a second time. We affirm.

Plaintiffs argued that their constitutional right to be free from harm was violated by Renee Waters, Lajosha Haynes, Lisa Blackford, and Curtis Bennett (collectively, "Defendants"), all of whom are employees of Family Integrity Program ("FIP"), a subcontractor for the Department of Children and Families of St. Johns County, Florida. Plaintiffs had been taken into foster care by FIP in 2006 but were reunited with their mother and her boyfriend in late November 2007. Plaintiffs were almost immediately subjected to emotional, physical, and sexual abuse at the hands of the boyfriend.

Plaintiffs filed suit, alleging that Defendants had failed to protect Plaintiffs by returning them to their mother and her boyfriend, who lived without electricity or water in a trailer allegedly infested with maggots and dead animals. Defendants had not conducted a "home study" to determine whether the house, mother, or boyfriend were suitable for Plaintiffs' return.

The district court determined that Plaintiffs had failed to make out a claim

under 42 U.S.C. § 1983 because Plaintiffs' facts showed that they had been injured while in the custody of their own mother and her boyfriend, rather than while in the custody of the state or its agencies. Thus, Plaintiffs could not make a showing that Defendants had violated a constitutional right. The district court also determined that Defendants would be immune from suit anyway because their actions did not violate a clearly established constitutional right.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999). Defendants' claim of qualified immunity means that we need only to decide whether Defendants violated any "clearly established constitutional rights." Powell v. Georgia Dep't of Human Resources, 114 F.3d 1074, 1080 (11th Cir. 1997) (emphasis added).

Despite Plaintiffs' arguments to the contrary, their case is not distinguishable from DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 109 S. Ct. 998 (1989). DeShaney held that there could not be a § 1983 action where a child was severely injured while in the custody of his natural father, even though the state had previously taken custody of the child and had strong reason to believe that the father was continuing to abuse the child. DeShaney, 489 U.S. at 192-93, 200-03, 109 S. Ct. at 1001-02, 1005-07.

3

Plaintiffs contend that <u>DeShaney</u> does not apply here because the government in <u>DeShaney</u> "never had custody of the child," whereas Defendants here had legal and physical custody over Plaintiffs for almost two years before returning them to their mother. However, in <u>DeShaney</u>, the government <u>did</u> previously have custody over the child. <u>Id.</u> at 201, 109 S. Ct. at 1006. And even if that were not the case, the extent of the government's <u>past</u> custody is not a meaningful factor. The "affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." <u>Id.</u> at 200, 109 S. Ct. at 1005-06. Accordingly, the government may have a duty to protect when it "takes a person into its custody and holds him there against his will." <u>Id.</u> at 199-200, 109 S. Ct. at 1005. Typical cases are where the person is incarcerated or involuntarily institutionalized. <u>Id.</u> at 200, 109 S. Ct. at 1006. The government owes these people a duty because the government has taken away their "freedom to act on [their] own behalf," which is the "'deprivation of liberty' triggering the protections of the Due Process Clause." <u>Id.</u>

But where the government merely returns a child to his home–placing "him in no worse position than that in which he would have been had it not acted at all"–there is no duty for the government to protect the child and thus there can be

4

no constitutional violation if the child is injured. Id. at 201, 109 S. Ct. at 1006; see also Camp v. Gregory, 67 F.3d 1286, 1293 (7th Cir. 1995) (holding that the government may face liability under § 1983 when a child is taken from his home and placed in a state-chosen foster home, where he is subsequently injured).

In the current case, Plaintiffs were injured by their mother's boyfriend at their own house. The boyfriend "was in no sense a state actor," DeShaney, 489 U.S. at 201, 109 S. Ct. at 1006, nor were Plaintiffs "totally dependent upon the state," Wooten v. Campbell, 49 F.3d 696, 701 (11th Cir. 1995). They had been placed with their natural mother and were no longer in the custody of the government or its agents. The government's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney, 489 U.S. at 197, 109 S. Ct. at 1004. Accordingly, Defendants had no duty to protect Plaintiffs from the boyfriend's actions, and a violation of § 1983 cannot be made out under these facts. DeShaney, 489 U.S. at 201-02, 109 S. Ct. at 1006-07.

As DeShaney noted, "the State does not become the permanent guarantor of an individual's safety by having once offered him shelter." Id. at 201, 109 S. Ct. at 1006. The district court was proper in dismissing the complaint for failure to state a claim upon which relief can be granted. Id. at 202-03, 109 S. Ct. at 1006-

07; Wooten, 49 F.3d at 699.

Plaintiffs also appeal the district court's refusal to let them amend their complaint a second time. This normally is reviewed for an abuse of discretion, but where the district court denied a plaintiff leave to amend on account of futility, we review the denial de novo because the district court concluded as a matter of law that "an amended complaint 'would necessarily fail.'" Freeman v. First Union Nat'l, 329 F.3d 1231, 1234 (11th Cir. 2003) (quoting St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999)). Since we agree with the district court that Plaintiffs could not make out a valid § 1983 claim under their own version of the facts, as discussed above, it would have been futile to allow further amendments on the subject. It was not error for the district court to refuse Plaintiffs' subsequent amendments. Freeman, 329 F.3d at 1235.

We are sympathetic to Plaintiffs' plight. They were subjected to unlivable conditions and abuse, perhaps as the result of Defendants' failure to conduct an evaluation of the suitability of Plaintiffs' mother, boyfriend, and home. But the Due Process Clause "does not transform every tort committed by a state actor into a constitutional violation." DeShaney, 489 U.S. at 202, 109 S. Ct. at 1006. In a case like this, the court's initial focus is not on whether Defendants were derelict or negligent, but on whether Defendants owed Plaintiffs a constitutional duty at

all.  The answer under <u>DeShaney</u> and <u>Wooten</u> is that Defendants did not, and this necessarily means that Plaintiffs' claims fail under § 1983.  <u>Id.</u> at 202, 109 S. Ct. at 1006-07; <u>Wooten</u>, 49 F.3d at 701.  Plaintiffs may be able to seek damages against Defendants under state tort law, <u>DeShaney</u>, 489 U.S. at 201-02, 109 S. Ct. at 1006, but the district court here properly dismissed Plaintiffs' complaint for failure to state a claim upon which a federal court could grant relief.

AFFIRMED.[1]

---

[1]    Plaintiffs' request for oral arguments is DENIED.